An appropriate order will issue.

**MANVILLE SALES CORPORATION**

v.

**PARAMOUNT SYSTEMS, INC., Robert S. Butterworth and Anthony J. DiSimone.**

**Civ. A. No. 86–4157.**

United States District Court, E.D. Pennsylvania.

Feb. 28, 1989.

Joseph A. McGinley, George J. Lavin, Jr. Associates, Philadelphia, Pa. and Ernie L. Brooks, Brooks & Kushman, Thomas Lewry, Southfield, Mich., for plaintiff.

Paramount Systems, Inc. by Manny D. Pokotilow, Max Goldman, Philadelphia, Pa., for Robert S. Butterworth, Anthony J. DiSimone, and Paramount Systems, Inc.

General Elec. Co. by John E. McKeever, Schnader Harrison Segal & Lewis, Philadelphia, Pa., for Gen. Elec. Co.

## MEMORANDUM AND ORDER

EDWIN E. NAYTHONS, United States Magistrate.

On December 14, 1988, this Court issued a Memorandum and Order granting defendants', Paramount Systems, Inc., *et al.* ("Paramount"), motion for sanctions against plaintiff, Manville Sales Corporation ("Manville"), for testifying falsely under oath and for withholding discovery information. Sanctions in the form of costs and counsel fees were entered against Manville pursuant to Fed.R.Civ.P. 37(d), and counsel for Paramount were ordered to submit an affidavit accompanied by a statement listing costs and counsel fees incurred in bringing their motion against Manville.

Pursuant to my Order, Paramount submitted the Affidavit (Affidavit # 1) of Manny D. Pokotilow, Esquire, counsel for defendants, representing defendants' ex-

penses and attorneys' fees incurred in connection with their motion for sanctions. Manville filed timely objections (hereinafter referred to as "Manville's Objections") to Paramount's statement of expenses and attorneys' fees, and categorized them as follows:

1. Defendants have improperly included expenses and fees associated with the depositions of Powers, Savage, Brandt, and Doyle.

2. Defendants have improperly included the fees associated with Manville's successful appeal of the Magistrate's original order.

3. Defendants improperly included fees for the February motion to declassify the video tape.

4. Defendants charged excessive amounts of time to the various motions and papers.

5. There is no evidence that defendants were billed the $15,102.62 allegedly expended by defendants' counsel.

Manville's Objections, at 1–2.

In response to plaintiff's objections, defendants filed a reply (hereinafter referred to as "Paramount's reply"), and plaintiff thereafter filed a surrebuttal brief. Lastly, subsequent to the February 10, 1989 hearing on counsel fees, defendants submitted a second affidavit (Affidavit # 2) of Manny D. Pokotilow, Esquire, detailing attorneys' fees expended through February 10, 1989.

For the reasons set forth below and upon consideration of the affidavits and briefs of the parties, and the testimony adduced at the hearing, this Court has determined that it shall grant defendants' request in part and deny it in part.

In Affidavit # 1, Mr. Pokotilow asserts that the total legal fees expended on behalf of the defendants amounts to $13,095.50. That figure is based on 13.5 hours of work by Mr. Pokotilow [1] at a rate of $225.00 per hour; .6 of an hour of work by Alan H. Bernstein, Esquire [2] at a rate of $225.00

---

1. Manny D. Pokotilow, Esquire is a partner with the law firm Caesar, Rivise, Bernstein, Cohen & Pokotilow, Ltd. ("Caesar, Rivise"). Mr. Pokotilow has been active in litigation in areas of intellectual property, including patents, trade-

marks and copyrights for the past twenty-four years. Affidavit # 1, at 7, ¶ 9.

2. Alan H. Bernstein, Esquire is a senior partner with Caesar, Rivise. Mr. Bernstein has been active in litigation in areas of intellectual prop-

per hour; 82.4 hours of work by Max Goldman, Esquire[3] at a rate of $120.00 per hour; and, one hour of work at a rate of $35.00 per hour performed by Linda Shapiro, a paralegal with Caesar, Rivise. Furthermore, Mr. Pokotilow asserts that taxable costs in the amount of $2007.12 were incurred in bringing defendants' motion, thereby making the total sum $15,102.62. This amount combined with the additional $6,057.50 requested in Affidavit # 2 brings the overall sum requested to $21,160.12.

Under Federal Rules of Civil Procedure 37(d), a party failing to act "as designated" shall be required by the Court to pay the reasonable expenses, including attorney's fees, caused by the "failure", unless the Court finds that the "failure" was substantially justified. In calculating what constitutes a reasonable attorney's fee, this Court is guided by the Third Circuit Court of Appeals' "lodestar" method set out in *Lindy Brothers Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167–168 (3d Cir.1973) (*Lindy I*).[4]

Calculation of the lodestar amount involves a "twin inquiry into the reasonableness: a reasonable hourly rate *and* a determination of whether it was reasonable to expend the number of hours in a particular case." *Ursic v. Bethlehem Mines*, 719 F.2d 670, 676 (3d Cir.1983) (Emphasis in original). The determination of whether the hours expended by the party seeking attorney's fees were reasonable is a factual determination, and thus, must be based on the evidence presented by the parties. *Cunningham v. City of McKeesport*, 753 F.2d 262, 266–67 (3d Cir.1985), *cert. denied* 481 U.S. 1049, 107 S.Ct. 2179, 95 L.Ed.2d 836 (1987). A court may not disregard the unchallenged assertions of a party as to its fees. *Id.* at 267. However, where the opposing party puts the factual issue of the reasonableness of the fee in dispute, the

Court may, as the trier of fact, reject the proffered evidence as to the reasonableness of the fee. *Ranco Industrial Products Corp. v. Dunlap*, 776 F.2d 1135, 1141 (3d Cir.1985).

In the case at hand, Paramount's fee request was supported by the affidavits of Mr. Pokotilow and the testimony of Mr. Pokotilow at the hearing. However, Manville challenged the reasonableness of the requested fee both in its objections and in its surrebuttal brief, and by the cross-examination of Mr. Pokotilow at the hearing.

For the sake of clarity, I will address each of Manville's five objections individually and interject my own opinion as to the reasonableness of the attorneys' fees and expenses requested by Paramount.

## I. MANVILLE'S OBJECTIONS TO PARAMOUNT'S STATEMENT OF ATTORNEY'S FEES AND COSTS

### A. *Fees and Expenses Associated with the Taking of Depositions by Paramount Should not be Included*

Plaintiff argues that this particular attorney fee and expense amount requested by defendants should be excluded since "defendants took these depositions primarily to obtain information relating to their antitrust and unfair competition counterclaims" and that "information regarding the declassification of the video tape was an insignificant part of the depositions." Manville's Objections, at 3. This Court is in agreement with Manville that the depositions taken by Paramount were most definitely not taken for the sole purpose of preparing Paramount's motion for sanctions and the declassification of the video tape. While this Court does acknowledge defendants' argument, both through their reply and through Mr. Pokotilow's testimony at the hearing, that had it not been for the false testimony of Randall P. Crothers

---

erty, including patents, trademarks, and copyrights for the past thirty years. Affidavit # 1, at 7, ¶ 10.

**3.** Max Goldman, Esquire is an associate attorney with Caesar, Rivise. Mr. Goldman has been active in litigation in areas of patent, trademark, and copyright law for five years. Affidavit # 1, at 8, ¶ 11.

**4.** The lodestar method of calculating attorney's fees was developed in the context of a fee award in an antitrust class action settlement pursuant to the equitable fund doctrine. *See, Lindy I*, 487 F.2d at 165.

regarding the confidentiality of the video tape, the four depositions would never have been necessary, I nevertheless shall not order Manville to assume *all* the expenses and fees associated with the taking of the depositions. I find that these depositions were *not* taken "specifically because the plaintiff had lied under oath regarding the video tape" as is asserted by Paramount, and accordingly, I will reduce the amount requested by a percentage basis through utilization of the deposition transcripts attached to Manville's Objections as Exhibits C, D, E and F. Any time expended deposing the witnesses that pertained to issues in this matter *other* then issues regarding circumstances surrounding the use of the video tape shall be deducted from the total award. Reductions for the four depositions shall be made as follows:

(1) Deposition of Robert P. Powers

| | |
|---|---|
| No. of pages in transcript referring to videotape: | pp. 17–29 = 13 PAGES |
| Total no. of pages in transcript: | = 29 PAGES |
| Percentage of time expended pertaining to videotape: | 45% |
| [13 pages divided by 29 pages = 45%] | |
| Paramount's requested attorneys' fees: | $1224.00 |
| Paramount's requested expenses: | $ 585.49 |
| Percentage of attorneys' fees to be reduced: | 55% |
| [55% of $1224.00 = $673.20] | |
| Amount of attorneys' fees to be awarded: | $ 550.80 |
| [$1224.00 − $673.20 = $550.80] | |
| Total amount to be awarded to Paramount: | $1136.29 |
| [$585.49 + $550.80 = $1136.29] | |

See Manville's Objections, Exhibit C.

(2) Deposition of Michael Brandt

| | |
|---|---|
| No. of pages in transcript referring to videotape: | pp. 53–56 p. 68 = 5 PAGES |
| Total no. of pages in transcript: | = 80 PAGES |
| Percentage of time expended pertaining to videotape: | 6% |
| [5 pages divided by 80 pages = 6%] | |
| Paramount's requested attorneys' fees: | $960.00 |
| Paramount's requested expenses: | $463.90 |
| Percentage of attorneys' fees to be reduced: | 94% |
| [94% of $960.00 = $902.40] | |
| Amount of attorneys' fees to be awarded: | $ 57.60 |
| [$960.00 − $902.40 = $57.60] | |
| Total amount to be awarded to Paramount: | $521.50 |
| [$463.90 + $57.60 = $521.50] | |

See Manville's Objections, Exhibit F.

(3) Deposition of James Savage

| | |
|---|---|
| No. of pages in transcript referring to videotape: | pp. 27–33 pp. 42–44 = 10 PAGES |
| Total no. of pages in transcript: | = 50 PAGES |
| Percentage of time expended pertaining to videotape: | 20% |
| [10 pages divided by 50 pages = 20%] | |
| Paramount's requested attorneys' fees: | $480.00 |
| Paramount's requested expenses: | $140.45 |
| Percentage of attorneys' fees to be reduced: | 80% |
| [80% of $480.00 = $384.00] | |
| Amount of attorneys' fees to be awarded: | $ 96.00 |
| [$480.00 − $384.00 = $96.00] | |
| Total amount to be awarded to Paramount: | $236.45 |
| [$140.45 + $96.00 = $236.45] | |

See Manville's Objections, Exhibit E.

(4) Deposition of Kevin Doyle

| | |
|---|---|
| No. of pages in transcript referring to videotape: | pp. 27–28 pp. 33–47 p. 52 = 18 PAGES |
| Total no. of pages in transcript: | = 66 PAGES |

| | |
|---|---|
| Percentage of time expended pertaining to videotape: | <u>27%</u> |
| [18 pages divided by 66 pages = 27%] | |
| Paramount's requested attorneys' fees: | $1355.00 |
| Paramount's requested expenses: | $ 642.68 |
| Percentage of attorneys' fees to be reduced: | 73% |
| [73% of $1355.00 = $989.15] | |
| Amount of attorneys' fees to be awarded: | $ 365.85 |
| [$1355.00 − $989.15 = $365.85] | |
| Total amount to be awarded to Paramount: | <u>$1008.53</u> |
| [$642.68 + $365.85 = $1008.53] | |
| <u>See</u> Manville's Objections, Exhibit D. | |

<u>SUBTOTAL</u> = $2902.77
[$1136.29 + $521.50 + $236.45 + $1008.53 = $2902.77]

 Plaintiff further contends that defendants' request for five (5) hours of fee time for the preparation of five deposition notices is excessive. While five hours of billable time does seem to be excessive, I will allow defendants' request since it was necessary for defendants to locate and contact local counsel in Washington, D.C., Providence, Rhode Island and Boston, Massachusetts. However, I will not allow Mr. Goldman to bill this work out at a full hourly rate of $120.00. Clearly, this work could have been delegated and billed at a lower rate. *See, Ursic, supra* at 677. In my view, an hourly rate of $60.00 would be appropriate for the time spent on these matters, thereby making that subtotal equal $300.00.

Accordingly, this Court finds that the total amount of reasonable attorneys' fees and expenses to be awarded in connection with the taking of these four depositions is $3,202.77, a $2,643.75 reduction from Paramount's requested amount of $5,851.52.

B. *Manville cannot be Assessed the Costs of its Successful Appeal*

 Plaintiff next objects to Paramount's request for payment of nineteen (19)[5] hours of work that "they devoted to Manville's *successful* appeal" of my August 4, 1988 Memorandum and Order. Manville's Objections, at 6. (emphasis in original). Manville bases its objection on

the fact that Judge Kelly did not award Rule 11 sanctions, but instead directed that defendants' motion for sanctions against the plaintiff for misrepresentation and withholding of discovery information be remanded in order for me to make appropriate findings of fact and conclusions of law.

As I concluded earlier, "Implicit in Judge Kelly's finding that plaintiff's counsel's actions were objectively reasonable was the fact that defendants' counsel, Manny Pokotilow, Esquire, conceded during oral arguments before Judge Kelly that plaintiff's counsel's actions were indeed reasonable, and that had he been faced with similar circumstances, he too would probably have responded in the same manner as had plaintiff's counsel." *Manville Sales Corp. v. Paramount Systems, Inc., et al.,* No. 86–4157, slip op. at 2 (December 14, 1988) [1988 WL 136482]. Consequently, in light of Mr. Pokotilow's concession of the reasonableness of the actions of Manville's counsel, no attorneys' fees or costs will be awarded to Paramount for time expended on their preparation of a response brief in opposition to Manville's appeal.

C. *Manville cannot be Assessed Fees for the Motion to Declassify the Video Tape*

 Manville also objects to Paramount's request for attorneys' fees and costs in connection with the preparation of

---

**5.** Plaintiff states that defendants have requested payment for nineteen (19) hours of work devoted to the appeal. *See,* Manville's Objections, at 6. However, my calculations indicate that defendants are instead seeking twenty-one (21) hours of work devoted to the appeal, as is evidenced by time sheet entries from August 30, 1988 through November 19, 1988. *See,* Affidavit # 1, at 5–6.

defendants' original motion to declassify the video tape. This Court finds no merit in Manville's objection. As asserted by defendants in their reply brief and at the hearing as well, the motion to declassify the video tape would never have been necessary had the plaintiff not given false testimony that the videotape had never been shown to anyone outside the Holophane Sales Division of Manville. At the time of defendants' filing of their motion to declassify, defendants did not have proof that the statements made by Randall P. Crothers, Manville's marketing manager and producer of the video tape, were false. Subsequent to defendants proving that false statements were in fact made by the plaintiff, plaintiff no longer opposed defendants' motion to declassify, and Judge Kelly thereafter granted the motion; hence, I find that the attorneys' fees and costs requested by Paramount for time expended in the preparation of the motion to declassify the video tape are justified. Accordingly, this Court shall award Paramount fees for the nineteen and seven tenths of an hour (19.7) spent in researching and preparing their motion to declassify the video tape. This amount shall total $1,970.00, based upon 19.7 hours of work performed by Mr. Goldman at the reduced rate of $100.00 per hour. *See* Section II. D., *infra.*

### D. *Defendants' Fees are Excessive*

Plaintiff next contends that defendants have spent excessive amounts of time in the preparation and review of various motions. Although plaintiff may be correct in its assertion, this Court shall not reduce the amounts of *time* expended by defendants on the research, preparation and review of motions. Nevertheless, this Court shall make reductions in the hourly rates as charged by Messrs. Pokotilow, Bernstein and Goldman. This Court is fully cognizant of the vast experience and expertise of the Caesar, Rivise firm in the area of intellectual property. Furthermore, I am satisfied that the hourly rates charged by defendants' counsel are within the range of other attorneys of comparable

experience specializing in patent, trademark and copyright law in the Eastern District of Pennsylvania. However, I find that the hourly rates billed by defendants in the preparation of their motion for sanctions is excessive. The issues raised by defendants' motion for sanctions do not depend upon the expertise of patent litigation attorneys. There were no technical analyses required in the legal research and preparation of this motion. Messrs. Pokotilow, Bernstein and Goldman are seeking their full hourly rates in connection with the filing of this motion, $225.00 for Pokotilow and Bernstein, and $120.00 for Goldman. Although an attorney's normal hourly billing rate is a logical starting place for valuing an attorney's services—taking account of the attorney's legal reputation and status (partner, associate)[6], I have determined that reasonable compensable hourly rates for Messrs. Pokotilow, Bernstein and Goldman are $175.00 for Pokotilow and Bernstein, and $100.00 for Goldman. The type of work performed by these patent attorneys in connection with this aspect of the litigation could have been performed by a more junior associate in the firm at a much lower rate, and therefore, any other rate of compensation would be excessive. *See In re Fine Paper Antitrust Litigation,* 98 F.R.D. 48, 94–95 (E.D.Pa.1983), *aff'd [rev'd] on other grounds,* 751 F.2d 562 (3d Cir.1984). *See also, Lindy I, supra* (recognizing that attorneys may be compensated at different rates for different activities).

The Third Circuit expressed its disapproval of the wasteful use of high skilled labor in the case of *Ursic v. Bethlehem Mines,* 719 F.2d 670 (3d Cir.1983). The Court stated:

Nor do we approve the wasteful use of highly skilled and highly priced talent for matters easily delegable to non-professionals or less experienced associates. Routine tasks, if performed by senior partners in large firms, should not be billed at their usual rates. A Michelan-

---

**6.** *See Baughman v. Wilson Freight Forwarding Co.,* 583 F.2d 1208, 1217 (3d Cir.1978); *Lindy I, supra,* 487 F.2d 161.

gelo should not charge Sistine Chapel rates for painting a farmer's barn.

719 F.2d at 677. The Court went on to provide:

It should not be necessary to remind the bar that restraint is in its own best interest. The legislative bodies that authorize fees may undertake to limit them as well. (citations omitted). In insisting on moderation, the courts do not disserve the bar, but reassure the public that excesses will not be countenanced and, therefore, ill-advised regulatory legislation is unnecessary.

719 F.2d at 678.

E. *There is no Evidence that Defendants were Billed the $15,102.62 Allegedly Expended by Defendants' Counsel*

█ With respect to plaintiff's final "if nothing else succeeds" argument, I find that it has absolutely no merit. Although plaintiff is correct in its assertion that no evidence of any billing to defendants was attached to Affidavit # 1, Mr. Pokotilow's subsequent Affidavit of January 11, 1989 avers that all of the costs and expenses given in his Affidavit of December 21, 1988 (Affidavit # 1) have been billed to defendants.

II. AFFIDAVIT # 2 DETAILING ATTORNEYS' FEES EXPENDED BY DEFENDANTS THROUGH FEBRUARY 10, 1989

█ Finally, defendants seek an award for time expended that had not been reflected in the December 21, 1988 Affidavit (Affidavit # 1). Defendants' counsel assert that the total legal fees expended on behalf of defendants since December 1, 1988 was $6,057.50. Clearly, defendants are entitled to an award of fees for the time expended through February 10, 1989, including the time spent preparing the Affidavits. Time expended in preparing a fee petition may be included in the fee petition. *Institutionalized Juveniles v. Secretary of Public Welfare*, 568 F.Supp. 1020, 1034 (E.D.Pa.1983) *citing Prandini v. National Tea Co.*, 585 F.2d 47 (3d Cir.1978). Nonetheless, I again find it necessary to make reductions in the hourly rates of Messrs.

Pokotilow and Goldman. For the reasons outlined *supra* under section II. D., I have again determined that reasonable hourly rates for Pokotilow and Goldman are $175.00 and $100.00, respectively, since much of this work did not require great legal skill and certainly did not require intellectual property expertise; hence, the hourly rate to be allowed should not be equal to that permitted for the case in chief. *Richerson v. Jones*, 506 F.Supp. 1259, 1265 (E.D.Pa.1981). I also take note of the fact that as of January 1, 1989, Messrs. Pokotilow and Goldman have raised their hourly rates to $240.00 and $130.00, respectively, but there will be no modification of the award to reflect such an increase.

█ I have carefully reviewed the statement of hours as presented in Affidavit # 2. Defendants seek compensation for an additional forty (40) hours for services rendered in connection with their motion for sanctions. The four and one-half (4.5) hours spent by Mr. Pokotilow in his preparation of Affidavit # 1 on December 19 and 20, 1988 will be reduced to two (2) hours. The fifteen and one-half (15.5) hours expended by Mr. Goldman in his preparation of defendants' reply brief from December 29, 1988 through January 11, 1989 is clearly excessive. No legal research was necessary, nor was any case law cited. Accordingly, I will reduce the amount requested by one-half, to seven and one-half (7.5) hours at the reasonably compensable rate of $100.00 per hour.

█ The nine (9) hours requested by Mr. Pokotilow in connection with his preparation for the February 10, 1989 hearing on counsel fees is also clearly excessive. I will reduce this by two-thirds (⅔) to a total of three (3) hours. I will also not allow any fees for the attendance of Mr. Goldman at the hearing. The fee award should not include time spent by an attorney at a hearing unless that attorney was the one who presented plaintiff's position at the hearing. *Delaware Valley Citizens' Council for Clean Air v. Commonwealth of Pennsylvania*, 581 F.Supp. 1412, 1421 (E.D.Pa.1984). Mere attendance in the courtroom by attorneys who are not the

principal advocates for plaintiffs' cause is not compensable. *Id.* Accordingly, those hours will be disallowed.

| | | |
|---|---|---|
| MANNY D. POKOTILOW | 6.5 hours @ $175.00 per hour | = $1137.50 |
| MAX GOLDMAN | 7.5 hours @ $100.00 per hour | = $ 750.00 |
| PARALEGAL | 7.5 hours @ $ 35.00 per hour | = $ 262.50 |
| SUBTOTAL | | = $2150.00 |

## III. CONCLUSION

Paramount is entitled to be compensated for attorneys' fees and expenses in the amount of $7,322.77, representing $3,202.77 awarded for taking of the four depositions, $1,970.00 awarded for time expended on the motion to declassify, and $2,150.00 awarded for additional fees incurred in connection with Affidavit # 2.

The total amount to be awarded to defendants in connection with Affidavit # 2 will be as follows: