**Michael I. SELZER, Plaintiff,**

v.

**Morton BERKOWITZ, Phillipa Strum, Ellen Frey-Wouters, Martin Fleisher, Michael Kahan, Herbert Weiss, Robert Engler, David W. Abbott, Nathan Schmukler, Donald R. Reich, John W. Kneller,** and

**Harold M. Jacobs, Chairman, and Edith B. Everett, Ronald T. Gault, Jack John Ol-** ivero, David Z. Robinson, Patricia Carry Stewart, Loretta A. Conway, Walter H. Crowley, Armand D'Angelo, Gurstin D. Goldin, Albert V. Maniscalco, David Valinsky, Emanuel R. Piore, Joan B. Maynard, Joaquin Rivera and Edward A. Roberts, Members of the Board of Higher Education of the City of New York, the Board of Higher Education of the City of New York, and Robert J. Kibbee, Chancellor of City University of New York, Defendants.

No. 77 C 1897.

United States District Court, E. D. New York.

Oct. 3, 1979.

Donovan, Leisure, Newton & Irvine by Walter L. Stratton, New York City, for plaintiff.

Allen G. Schwartz, Corp. Counsel, City of New York, by Patrick F. X. Mulhearn, Asst. Corp. Counsel, New York City, for defendants.

## MEMORANDUM AND ORDER

PLATT, District Judge.

### I

Defendants moved, pursuant to Rule 50 of the Federal Rules of Civil Procedure ("FRCP"), for an order granting defendants judgment notwithstanding the verdict or, in the alternative, pursuant to Rule 59 FRCP, for a new trial on the grounds that:

1. The verdict was contrary to the law and the evidence;

2. The verdict was excessive in amount and not supported by the evidence;

3. Defendants were prejudiced by opposing counsel's references in summation to a recent, highly publicized, jury damage award;

4. The verdict was inconsistent with the responses to Special Interrogatory 3(b);

5. The testimony and evidence presented at trial was insufficient as a matter of law, to support plaintiff's burden of proving constitutionally protected conduct was involved.

Defendants' aforesaid motions are denied. No opinion.

### II

Subsequent to making the aforesaid motions, defendants moved, pursuant to Rule 62(b) FRCP, (a) for an order staying the enforcement of judgment heretofore entered on May 18, 1979 pending a decision on defendants' aforesaid motion under Rule 50 FRCP for judgment notwithstanding the verdict and (b) for an order directing plaintiff to vacate and/or withdraw all notices filed or served pursuant to the New York Civil Practice Law and Rules "to effectuate the enforcement of said judgment". By reason of a stipulation dated and So Ordered September 28, 1979, made between the attorneys for the parties, this second motion is now moot.

### III

By Notice of Motion served within seven days of the original judgment entered herein, plaintiff moved pursuant to Rule 59(e) FRCP for an order (a) amending the judgment so as to provide for injunctive relief granting the plaintiff promotion from assistant to associate professor and granting plaintiff tenure in the City University of New York, and pursuant to Rules 59(e) and/or 54(d) of FRCP and Title 42 U.S.C. § 1988 for an order (b) amending the judgment so as to grant plaintiff costs, including reasonable attorneys' fees and expenses.

(a) Thereafter, because of the defendants unwillingness to negotiate appropriate injunctive relief in the premises, plaintiff withdrew the first portion of his motion and pursued only the second half thereof, i. e., his motion for reasonable attorneys' fees and expenses.

(b) With respect to the latter, plaintiff's attorneys filed a detailed affidavit, defendants applied for and were granted extensive depositions and other discovery, and a hearing was held by the Court on (i) the issue of whether plaintiff was entitled to attorneys' fees and expenses and (ii) the issue of the reasonableness of plaintiff's attorneys' request therefor.

By way of background, plaintiff commenced his lawsuit herein on September 23, 1977, alleging violations of 42 U.S.C. §§ 1983, 1985(3) and 1986, ultimately charging that defendants violated plaintiff's constitutional rights by causing or contributing to the causation of the denials to plaintiff of tenure and promotion at Brooklyn College on account of plaintiff's associating with and speaking to the CIA. The original verified complaint consisted of four counts and was 29 pages in length. Thereafter, the complaint was twice amended and sup-

plemented, one of such amendments taking into account the opinions in *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and *Turpin v. Mailet,* 579 F.2d 152 (2d Cir. 1978), *vacated sub nom. City of West Haven v. Turpin,* 439 U.S. 974, 99 S.Ct. 554, 58 L.Ed.2d 645 (1978), *aff'd on remand,* 591 F.2d 426 (2d Cir. 1979).

Pretrial discovery was, to put it mildly, extensive, both in terms of document discovery and in terms of the number and length of the depositions which were required. During the course of the litigation defendants brought two motions to dismiss; this Court's decision on the first of such motions, is reported in 459 F.Supp. 347 and its decision on the second of such motions was tentatively indicated at the outset of the trial on March 15, 1979 (before the issues contained therein were mooted by the jury verdict). The trial itself commenced on March 19, 1979, and lasted for nine weeks. The verdict was rendered on May 18, 1979. Sixty three witnesses were called and some 372 exhibits were marked into evidence.[1]

Plaintiff's attorneys kept detailed time records of the time actually spent in counseling the plaintiff prior to the institution of the litigation, in the preparation of the complaints, in the pretrial discovery, in the briefing and argument of the motions, and in the preparation for and the conduct of the trial, the post-trial motions and other post-trial work. They applied their normal billing rates of approximately $125 per hour for partners time and between $27.25 to $65 per hour for associates time and various other lesser rates for other summer associates, student interns and paralegal times (herein sometimes "para-attorney" times). The total attorney hours (attorney and para-attorney) on this case came to 7,599.50 and the total value of all such time amounted to $438,968.88.

The jury's verdict found (i) that all of the defendants, with the exception of the Board

of Higher Education and its members, had considered plaintiff's association with the CIA in the determination to deny plaintiff's tenure and promotion, (ii) that such consideration was a substantial and motivating factor therein, (iii) that all of such defendants "knowingly acted in such a way as to cause, or contribute to the causation, of that result" and (iv) that defendants had failed to prove that the plaintiff would have been denied tenure and promotion in the absence of such consideration.

All of the defendants raised the defense of qualified immunity by reason of their alleged good faith. The jury found that six defendants had proved their entitlement to this defense and that six individual defendants had not acted in good faith and the jury rendered a verdict and the Court entered a judgment against the latter six in the amount of $580,000.

In addition to all of the foregoing, plaintiff incurred disbursements and expenses in the amount of $60,065.83.

██ (i) On the first issue indicated above, namely, whether plaintiff is entitled to an award of reasonable attorneys' fees and expenses herein, § 1988 of Title 42 of the United States Code provides in part that:

> "In any action or proceeding to enforce a provision of sections . . . 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."

As plaintiff's attorneys point out in their memoranda, Congress clearly intended that successful plaintiffs in actions brought under the Civil Rights Acts of 1871 should be able to recover attorneys fees just as successful plaintiffs are entitled to recover such fees under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000a–3 and 2000e–5(k)) and § 402 of the Voting Rights Act Amendments of 1975 (42 U.S.C. § 1973*l* (e)).

---

1. Plaintiff offered some 202 of which 140 were received in evidence; defendant offered 268 of which 232 were admitted into evidence.

In a Senate Report in support of 42 U.S.C. § 1988 (Senate Report No. 94–1011, reprinted in 1976 U.S.Code Cong. & Admin. News, pp. 5908, 5912) the standard for awarding fees was described as follows:

"It is intended that the standards for awarding fees be generally the same as under the fee provisions of the 1964 Civil Rights Act. A party seeking to enforce the rights protected by [42 U.S.C. § 1988], if successful, 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust'. *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968)".

Defense counsel seems to suggest that plaintiff in the case at bar should not be entitled to recover any attorneys fees because he prevailed on only one of his theories of recovery and only in money damages as against some of the individual defendants. Defense counsel either misunderstand or are deliberately attempting to confuse the clear answers given by the jury to the special interrogatories propounded to them in connection with their verdict. The jury specifically found that all the defendants (except the members of the Board of Higher Education) caused or contributed to the causation of the deprivation of plaintiff's civil rights and thus that they violated 42 U.S.C. § 1983 and the jury further specifically found that the defendants failed to prove that the plaintiff would have been denied tenure had the CIA matter not arisen. In short, plaintiff was and is entitled to full injunctive relief herein and would have received the same had he not withdrawn his request therefor in exchange for the full amount of the damages awarded to him by the jury. The fact that he recovered only on his § 1983 claim and not on his claims based on other sections of Title 42, is wholly immaterial and irrelevant to the question of his entitlement to recovery of attorneys fees.

Defendants argue further that this is not the type of case in which attorneys fees should be awarded and that plaintiff's counsel initially undertook this matter *pro bono publico* and hence no award should be made for attorneys fees herein.

In principle, this case is indistinguishable from *Stolberg v. Members of the Board of Trustees for the State Colleges of the State of Connecticut*, 474 F.2d 485, 490 (2d Cir. 1973). There the plaintiff, who had been denied tenure because of his opposition to the Vietnam War and because he had written letters protesting dismissal of faculty members of another college, predicated his claim upon the violation of his First Amendment rights. In that case the Second Circuit reversed that portion of the District Court's judgment as denied an award of attorneys fees (474 F.2d at 490):

"[T]he objective [of awarding reasonable attorneys' fees] is to assure that the plaintiff, and others who might similarly be forced to great expense to vindicate clear constitutional claims, are not deterred from securing such vindication by the prospect of costly, protracted proceedings which have become necessary only because of the obdurate conduct of the defendants. * * *

* * * * * *

"The circumstances of this case persuade us that an award of counsel fees is necessary to protect against the possibility that other faculty members might be reluctant to engage in activities protected by the First Amendment or might forgo the vindication of their rights to do so in a court of law."

Similarly, in *Rabinovich v. Nyquist*, 74 Civ. 1142 at n. 2 (EDNY, May 9, 1979), Chief Judge Curtin (sitting by designation) disposed of defense counsel's *pro bono publico* argument in the following language:

"[I]n response to the plaintiff's original motion for fees, the state filed a lengthy brief raising a number of arguments in opposition. Many of these were frivolous, such as the argument that attorneys who represent individual *pro bono publico* are not entitled to fees."

In view of all of the foregoing and all of the facts and circumstances herein, there is no question in this Court's mind that the plaintiff is entitled to recover his attorneys fees and disbursements in this action.

(ii) There are numerous factors which the courts have indicated a trial judge should take into account in determining the amount that should be awarded. In *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–719 (5th Cir. 1974), the Court of Appeals for the Fifth Circuit listed the following:

(1) The time and labor required.

(2) The novelty and difficulty of the questions.

(3) The skill requisite to perform the legal service properly.

(4) The preclusion of other employment by the attorney due to acceptance of the case.

(5) The customary fee.

(6) Whether the fee is fixed or contingent.

(7) Time limitations imposed by the client or the circumstances.

(8) The amount involved and the results obtained.

(9) The experience, reputation, and ability of the attorneys.

(10) The "undesirability" of the case.

(11) The nature and length of the professional relationship with the client.

(12) Awards in similar cases.

In the same report referred to above, the Senate Committee stated that:

"It is intended that the amount of fees awarded [under 42 U.S.C. 1988] be governed by the same standards which prevail in other types of equally complex federal litigation, such as antitrust cases and not be reduced because the rights involved may be nonpecuniary in nature . . . . In computing the fee, counsel for prevailing parties should be paid, as is traditional with attorneys compensated by a fee-paying client, 'for all time reasonably expended on a matter.'"

The Court has taken into consideration all of the foregoing factors and the above-quoted admonition by the United States Senate in its determination of the amount of the fees to be awarded in this case.

Engaging in what might be called "Monday morning quarterbacking" defense counsel suggest that not all of the work done by plaintiff's attorneys was necessary for the prosecution of this matter to a successful conclusion and that if a single practitioner had undertaken the task the same result could have been achieved at far less cost and expense. This Court, however, is not prepared to accept any such hypothesis. Defense counsel themselves consisted of a team of three lawyers from the Corporation Counsel's office and a lawyer from The Board of Higher Education, all of whom appeared to be actively engaged throughout the trial in their unsuccessful defense of plaintiff's meritorious claims. It ill behooves defense counsel under such circumstances now to argue that one attorney could have achieved the same result on behalf of the plaintiff and that they should not have to pay for a comparable number of attorneys working against them throughout the litigation.

Assuming the time was necessarily expended[2] in the successful prosecution of the action, it is, as a practical matter, wholly irrelevant whether one attorney spent the total hours involved or several attorneys and para-attorneys did, as was the case with plaintiff's attorneys. According to plaintiff's attorneys records, they spent 5,481.25 hours of attorneys' time plus 2,118.25 hours of para-attorney[3] time. In accordance with their time charge rates, such time has a total value of $438,968.88. At

2. Defendants have not produced any evidence (as distinguished from argument) that it was not and, in light of plaintiff's proof, the Court finds that it was.

3. "Para-attorneys," consisting of summer associates, student interns and paralegals, perform, for the most part, work that has traditionally been done by lawyers, e. g., digesting depositions, collating, marking and indexing exhibits, preparing and arranging for service of subpoenas, etc. To the extent that such work is done by non-lawyers at lower time rates than would have been the case had the work been done by lawyers, the losing party benefits and has little cause to complain.

$60 an hour, a single practitioner would receive approximately the same amount.[4]

The Court therefore is not persuaded by defense counsel's arguments that plaintiff is not entitled to the amounts claimed; nor is it persuaded that the hourly rates charged by plaintiff's attorneys for partners, associates and para-attorneys time are unreasonable. Indeed, in light of comparable charges made by firms of plaintiff's law firm's stature and reputation, the stated time charges appear to be most reasonable and indeed, if anything quite modest.

The Court is not convinced, however, that plaintiff's attorneys should be entitled to their time charges in connection with the preparation and presentation of the instant motion for attorneys fees and has therefore deducted the same from the amount awarded herein.

Accordingly, plaintiff is entitled to and is hereby awarded recovery of reasonable attorneys' fees in the amount of $433,458.73 and disbursements in the amount of $60,065.83 and the judgment shall be amended so as to award him the same, together with such other costs as he shall be entitled to herein.

SO ORDERED.

---

4. The Court is aware of the fact that at least one Court in a patent infringement action disallowed under 35 U.S.C. § 285 charges for services of law students and law school graduates who had not been admitted to practice in its award of reasonable attorneys fees in that "exceptional case" to the prevailing party saying that such charges were neither proper as "attorney fees" nor as separately stated costs and disbursements. *CTS Corporation v. Electro Materials Corp. of America*, 476 F.Supp. 144 (S.D.N.Y.1979).

In the instant case, as indicated in the text, the statute here (42 U.S.C. § 1988) provides for "a reasonable attorney's fee." In this Court's view, however, the hourly rates for various personnel within a law firm merely serve as a guide in the determination of what constitutes such a "reasonable" fee. As also indicated in the text if a single practitioner had spent 7,599.50 hours on this case and the Court had determined his average time rate for legal, semi-legal and administrative work to be $60 an hour, he would have been entitled to an award of $455,970.00 or some $17,000 more than is claimed by the plaintiff here. In other words, and in short, a reasonable attorneys' fee for the work done in the case at bar appears, if anything, to be in excess of the amount claimed.