Walter JONES, Jr., et al., Plaintiffs–Appellants Cross Appellees,

v.

ARMSTRONG CORK COMPANY, et al., Defendants

Armstrong Cork Company, Defendant–Appellee Cross Appellant.

No. 79–3891.

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 12, 1980.

Bernice Turner Brooks, Columbus, Ga., Bobby L. Hill, Joseph Jones, Jr., Savannah, Ga., for Walter Jones, Jr., et al.

Steptoe & Johnson, Christopher T. Lutz, Washington, D. C., for Armstrong Cork Co.

Cooper, Mitch & Crawford, John C. Falkenberry, Birmingham, Ala., for United Cement, Lime and Gypsum Workers Union.

Before CHARLES CLARK, VANCE and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

This appeal and cross appeal involve a single issue: the reasonableness of the attorney's fees awarded to Bernice Turner, local counsel for the prevailing plaintiff class in a Title VII Civil Rights Act suit. Since the district court adequately analyzed and balanced the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), which are to be utilized as a guideline in determining a reasonable award, we affirm.

This Title VII race discrimination action was filed October 10, 1974. Bernice Turner, representing the plaintiff class, was joined as plaintiffs' counsel by attorneys from the NAACP Legal Defense Fund (LDF) in July

1975. The case was tried January 4 and 5, 1977. A consent decree was entered by the parties on June 16, 1978, and approved by the court July 20, 1978. Defendant entered into an agreement with the Legal Defense Fund attorneys on the amount of fees to be paid them and this agreement was approved by the court August 3, 1978. Ms. Turner subsequently submitted a fee application to the district court, and in December 1978, the court made an interim award of attorney's fees to Ms. Turner in the amount of $52,216. After an evidentiary hearing on the issue of attorney's fees in April 1979, the court awarded Ms. Turner $64,290 in fees and $2,490 in costs, giving defendant credit for the interim fees it previously paid. This amount was calculated by compensating Ms. Turner for the 981 hours she spent on the case at $60 an hour and for the 181 hours her associate spent on the case at $30 an hour. No compensation was allowed for the hours Ms. Ethel Smith, a "paralegal," spent on the case.

■ The amount of attorney's fees authorized by 42 U.S.C.A. § 2000e–5(k), is left largely to the sound discretion of the district court. The reasonableness of the award, however, is subject to review by this Court. In its review, the Court must examine whether the factors enumerated in *Johnson* to serve as a guideline in awarding attorney's fees have been considered and weighed. The district court adequately balanced the relevant factors in arriving at reasonable hourly rates at which to value the services of Ms. Turner and her attorney–associate Herbie Solomon.

■ In arguing that the best evidence of reasonable fees in this case is the amount paid by defendant to the LDF attorneys, appellant focused on the twelfth factor enunciated in *Johnson* : "awards made in similar litigation within and without the court's circuit." 488 F.2d at 719. While the settlement is some evidence of reasonable fees, this factor must be viewed in conjunction with the other factors to be considered, one of which is "[t]he customary fee for similar work in the community." *Id.* at 718. Although involved in the same case, the fees awarded to lawyers from the LDF's New York City office would not necessarily be reasonable fees for Ms. Turner, a Macon, Georgia private practitioner. In addition, a settlement on the issue of attorney's fees between defendant and one attorney does not restrict or limit the court in setting reasonable fees for another attorney. *Bowe v. Colgate–Palmolive Co.*, 443 F.Supp. 696, 716 (S.D.Ind. 1977). *See Foster v. Boise–Cascade, Inc.*, 420 F.Supp. 674, 683–89 (S.D.Tex. 1976), *aff'd*, 577 F.2d 335 (5th Cir. 1978) (district court not bound by decision of parties as to amount of attorney's fees). The court has an obligation to determine an award that is reasonable, regardless of what the parties who entered into an agreement on the issue considered fair and adequate. Although it differed from the settlement between defendant and the LDF attorneys, the district court's award to Ms. Turner was not an abuse of discretion in light of the court's balancing of the competing factors enumerated in *Johnson*.

■ The district court order stated that Ms. Turner was entitled to no compensation for the work hours of Ethel Smith. The salary Ms. Smith received for her work was considered an overhead expense not to be reimbursed by an attorney's fee award. This holding is correct in light of the district court's conclusion that it had not been established that Ethel Smith was a "paralegal." [1] Although she was called a paralegal, neither Ms. Smith nor Ms. Turner ever introduced evidence of any paralegal train-

1. Had Ms. Smith been a paralegal, then to the extent that she performed work that has traditionally been done by an attorney, Ms. Turner would have been entitled to have compensation for that work separately assessed and included in her award. Courts have computed this compensation in various ways; for example, some have allowed reimbursement for salaries paid, while others have assigned an hourly value to the work hours. *See Selzer v. Berkowitz*, 477 F.Supp. 686, 690–91 & nn.3 & 4 (E.D.N.Y. 1979); *Falcon v. General Tel. Co.*, 463 F.Supp. 315, 321 (N.D.Tex. 1978). *See also Aumiller v. University of Del.*, 455 F.Supp. 676, 682 & n.13 (D.Del. 1978), *aff'd*, 594 F.2d 854 (3d Cir. 1979); *Guajardo v. Estelle*, 432 F.Supp. 1373, 1388 (S.D.Tex. 1977), *modified*, 580 F.2d 748 (5th Cir. 1978).

ing, and more importantly, most of the time Ms. Smith spent on the case was in the performance of clerical duties. The factual finding of the district court that Ms. Smith is not a paralegal is not clearly erroneous; thus, the court's conclusion that no compensation would be allowed for her work hours is affirmed.

AFFIRMED.