NEW YORK STATE TEAMSTERS CONFERENCE PENSION AND RETIREMENT FUND, 7 Rutger Park, Utica, New York, Plaintiff,

v.

John HOH, Enea Borra, George Pfleiderer, George L. Walsh, Edward Siegmann, Jerome Tierman, Elmer B. Sidden, Valentine J. Frank, Frank J. Fink, David M. Conroy, Francis J. Larkin, Individually and as Trustees of the Brewery Workers Pension Fund; Dominick Accetta, Kenneth D. Carroll, Daniel Greenhut, Individually and as officers of Brewery Workers Local Union No. 46, International Brotherhood of Teamsters; Pepsico, Inc. and F & M Schaefer Brewing Co., Defendants.

and

John HOH, Dominick Accetta, Daniel Greenhut, and Kenneth Carroll, Counterclaim Plaintiffs,

v.

Al SGAGLIONE, Individually and as Executive Administrator of the New York State Teamsters Conference Pension and Retirement Fund; Josephine Dontino, as Assistant Administrator of the New York State Teamsters Conference Pension and Retirement Fund; Rocco F. Deperno, Irving Wisch, T. Edward Nolan, Victor Mousseau, Paul E. Bush, Kepler Vincent, and Jack Canzoneri, Individually and as trustees of the New York State Teamsters Conference Pension and Retirement Fund, Counterclaim Defendants.

No. 81–CV–1172.

United States District Court, N.D. New York.

Jan. 6, 1983.

See also, D.C., 554 F.Supp. 519.

Peter P. Paravati, Utica, N.Y., for plaintiff.

Sipser, Weinstock, Harper, Dorn & Leibowitz, New York City, for defendants Hoh, Borra, Pfleiderer, Walsh, Siegmann, Accetta, Carroll and Greenhut; Susan Martin, New York City, of counsel.

Moskowitz, Altman & Frankel, New York City, for defendant Jerome Tierman; Steven M. Berlin, New York City, of counsel.

Friedman & Gass, P.C., New York City, for defendant Pepsico., Inc., Peter N. Wang, New York City, of counsel.

Rogers & Wells, New York City, for defendant F & M Schaefer Brewing Co.; David A. Schulz, New York City, of counsel.

MEMORANDUM–DECISION and ORDER

MINER, District Judge.

I

By order and judgment entered on August 13, 1982, this Court dismissed the complaint against all defendants and directed the entry of summary judgment in favor of movants holding, *inter alia,* that plaintiff had "not provided a scintilla of evidence" to support its claimed violation of Section 302 of the LMRA and that its other arguments under that statute were "wholly without merit." *New York State Teamsters Conference Pension and Retirement Fund v. Hoh,* 554 F.Supp. 519, 528 and n. 15 (N.D.N.Y.1982). In addition, the Court found the defense of laches persuasive and ruled that the statute of limitations would also constitute a bar to plaintiff's claims.

 Pursuant to a motion by F & M Schaefer Brewing Co. ("Schaefer") and defendants Hoh, Borra, Pfleiderer, Frank, Fink, Walsh, Siegmann, Accetta, Carroll and Greenhut ("Hoh defendants" or "Hoh"), this Court, at oral argument held on October 22, 1982, awarded attorneys' fees, costs and disbursements and directed counsel to file affidavits addressed to the issue of the appropriate amount of a fee award.[1] The amount of the award that the

---

1. Both Hoh and Schaefer argued that they are entitled to an award of attorneys' fees in the circumstances of this case under four alternative principles including (1) the common fund doctrine, (2) the common law rule—bad faith exception, (3) Section 502(g) of ERISA, and (4) the indemnification provision of the Merger Agreement between the Brewery Fund and the Teamsters Fund. This Court found at least the first two arguments persuasive and granted defendants' motion.

attorneys for defendants Schaefer and Hoh are entitled to must now be determined. Hoh's counsel requests that he be awarded a total of $64,908.49. Schaefer's counsel requests $37,254.14. Both sets of attorneys have submitted separate affidavits that detail the services rendered in representing the above defendants, accompanied by counsels' statements of the number of hours expended to perform such services. Therefore, there has been adequate compliance with the stringent record keeping requirements mandated by *City of Detroit v. Grinnell Corp.,* 495 F.2d 448 (2d Cir.1974). *See Firebird Society, etc. v. Board of Fire Commissioners,* 556 F.2d 642, 643 (2d Cir.1977).

## II

Any fee-setting inquiry begins with the "lodestar": the number of hours reasonably expended multiplied by a reasonable hourly rate. "The figure generated by that computation is the basic fee from which a trial court judge should work." *Copeland v. Marshall,* 641 F.2d 880, 891 (D.C.Cir.1980). *See City of Detroit v. Grinnell Corp., supra,* 495 F.2d at 471. The separate affidavits of defendants' counsel "must be reviewed with application of common sense and practical experience to consider whether the amount of hours claimed reasonably reflect (sic) the quantity and the quality of work performed." *Thomas v. Board of Education,* 505 F.Supp. 102, 103 (N.D.N.Y.1981).

In the affidavit in support of Hoh's motion for an award of attorneys' fees, Attorney Philip Sipser states that he, and three other attorneys and a paralegal in the firm of Sipser, Weinstock, Harper, Dorn & Leibowitz, worked a total of 538.50 hours at rates varying from $175 to $40 per hour, totalling $41,843.75.[2] The total number of

Defendants here are entitled to reimbursement from assets of the Teamster Fund under established common law principles permitting such awards from trust fund assets. In *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), the Court recognized that district courts have inherent equitable power to "permit the trustee of a fund or property, or a party preserving or recovering a fund for the benefit of others in addition to himself, to recover his costs, including his attorneys' fees, from the fund or the property itself or directly from other parties enjoying the benefit." 421 U.S. at 257–58, 95 S.Ct. at 1621–22. *See also Sprague v. Ticonic Bank,* 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939) (held that the "common fund" doctrine is not limited to cases where, through the complainant's efforts, a fund is recovered in which others share); *Morrissey v. Segal,* 526 F.2d 121 (2d Cir.1975) ("common fund" doctrine extended specifically to defending trustees); *Weidlich v. Comley,* 267 F.2d 133 (2d Cir.1959) (a defending trustee realizes settlor's purpose and, therefore, it would be incongruous to compel trustee to bear expense of unsuccessful attack). Therefore, since defendants, in the instant case, successfully defended a suit that would have jeopardized the rights of former Brewery Fund members to receive benefits due to them under the Brewery Fund plan, they are entitled to fees and costs incurred in preserving the fund.

Moreover, it is clear to this Court that the Teamsters Fund has brought this action in "bad faith" as a means to delay the merger of the nearly insolvent Brewery Fund with the Teamsters Fund. The underlying issue of merger has been litigated in at least seven jurisdictions, and all actions have been resolved against the Teamsters Fund. Moreover, the Teamsters Fund has been held in contempt at least twice. Here, the Teamsters Fund trustees knew, or should have known, that § 302 of the LMRA had not been violated. *See New York State Teamsters Conference Pension and Retirement Fund,* 554 F.Supp. 519 (N.D.N.Y. 1982). Since a showing of bad faith or a dilatory motive is a recognized exception to the "American Rule" prohibiting attorneys' fees, defendants here are entitled to recover those fees. *See, e.g., F.D. Rich Co. v. Industrial Lumber Co.,* 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974); *Nemeroff v. Abelson,* 620 F.2d 339, 348 (2d Cir.1980).

2. The total hours and regular hourly billing rates for the attorneys and paralegal performing work on this matter are as follows:

| Attorney | Year | Total Time | Hourly Rate | Total Charges |
|---|---|---|---|---|
| I. Philip Sipser | 1981 | 11.5 | $150.00 | $ 1,725.00 |
| | 1982 | 18.5 | 175.00 | 2,712.00 |
| Jerome Tauber | 1981 | 34 | 125.00 | 4,250.00 |
| Susan Martin | 1981 | 77.25 | 75.00 | 5,793.75 |
| | 1982 | 189.25 | 85.00 | 16,086.25 |
| Claude Hersh (pre-admission to bar) | 1981 | 30.75 | 40.00 | 1,230.00 |
| (admitted 1/82) | 1982 | 118.25 | 65.00 | 7,686.25 |

hours includes time spent on memoranda of law, client conferences, research, preparing affidavits, assembling documents, telephone calls to and from clients, preparing for motions, travel to and from Albany, oral argument in this Court, and preparation, travel and oral argument on the instant motion. Also included is time spent, over 45 hours, in removing the action from state to federal court.

In reviewing the affidavit of Mr. Sipser, the hours claimed by his firm appear to be reasonable except for the 45 hours of removal time allegedly worth over $3,000. In the judgment of this Court the amount of time appears excessive, since the removal process is a relatively uncomplicated one, and the Sipser firm is a law firm with extensive federal court experience. Therefore, the "removal" time should be reduced to 10 hours, for a total of $667.[3] *See Gagne v. Maher,* 594 F.2d 336 (2d Cir.1979), *aff'd,* 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980); *Bagby v. Beal,* 606 F.2d 411 (3d Cir.1979).[4]

The next step in determining an award of attorneys' fees is to arrive at a reasonable hourly charge. Heeding the advice of the Second Circuit to avoid either the reality or appearance of awarding "windfall fees," *City of Detroit v. Grinnell Corp., supra,* 495 F.2d at 469, this Court finds the varying hourly rates claimed by the Sipser firm to be appropriate, reflecting customary charges of metropolitan New York City law firms. Moreover, the hourly rates applied in this case are reasonable as compared to the rates utilized in awarding attorneys' fees in other cases. *See, e.g., Miles v. New York State Teamsters Conference Pension and Retirement Fund,* Civ. 77–432, 3 BNA Employee Benefit Cases 1513 (W.D.N.Y. 1982) (hourly rates for attorneys of unspecified years of experience ranging from $70 to $125 found to be generally reasonable); *Vuclan Society of Westchester County, Inc. v. Fire Dep't of the City of White Plains,* 533 F.Supp. 1054 (S.D.N.Y.1982) (pre-1980 rates ranging from $80 to $125 held reasonable); *Ross v. Saltmarsh,* 521 F.Supp. 753 (S.D.N.Y.1981) (pre-admission rate of $40 per hour through rate of $90 per hour for more than two years of experience held reasonable); *Van Gemert v. Boeing Company,* 516 F.Supp. 412 (S.D.N.Y.1981) (hourly rates ranging from $30 for paralegals to $160 held reasonable).

In determining the award in this action, this Court was guided by the factors and reasoning in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974).[5] It is the determination of this

| Attorney | Year | Total Time | Hourly Rate | Total Charges |
|---|---|---|---|---|
| Susan Garten (paralegal) | 1982 | 59 | 40.00 | 2,360.00 |
| | | 538.50 | | $41,843.75 |

**3.** At the same average hourly rate of $66.70 per hour.

**4.** Plaintiff contends that it should not have to pay for defendants' services rendered pursuant to their motion to transfer the action to the Eastern District, since the motion was initiated "to advance their own goals in the litigation, and [defendants] were not forced to bring the motion by any action taken by the plaintiff..." (Affidavit of Peter P. Paravati in Opposition to Award of Attorneys' Fees, ¶ 4). Affidavits demonstrate that the Sipser firm expended approximately 85 hours on the motion and Schae-

fer's counsel, Rogers and Wells, expended approximately 30 hours on said motion. This Court believes that plaintiff's contention, absent a showing of a movant's bad faith, is spurious for the obvious reason that any motion is designed to advance the goals of the movant. Moreover, the time spent on this motion appears, here, to be reasonable.

**5.** In *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–9 (5th Cir.1974), the court directed that an application for attorneys' fees under Title VII be considered in light of the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and

Court that the hourly rates charged by the Sipser firm are fair and reasonable, given the importance, extent and complexity of the work performed.

■ Hoh's counsel also include $1,147.61 for expenses for such things as traveling, telephone bills and photocopying, and $995.25 for fees and expenses of local counsel. Attorneys' fee awards can include reasonable "out of pocket" expenses incurred by the attorney that are generally charged to a client in the course of providing legal services. *Northcross v. Board of Education of Memphis,* 444 F.2d 1179 (6th Cir.1979). In the circumstances of this case, the above amounts appear reasonable and, thus, may be recovered by the Hoh defendants.

Therefore, Hoh can recover $41,653.61 for the adjusted lodestar (appropriate lodestar increased by the reasonable "out of pocket" expenses). This figure reflects defendants request for an adjusted lodestar of $43,986.61 minus the difference between the disallowed 45 hours of "removal work" at a total of $3,000 and the allowed 10 hours of "removal work" at $667, or $43,986.61 minus $2,333. However, the Hoh defendants request that the lodestar figure be upwardly adjusted by fifty percent.

■ It is true that the lodestar figure may be adjusted upward or downward according to certain subjective factors such as the risk and complexity of the litigation and the quality of the representation. *Copeland v. Marshall, supra,* 641 F.2d at 892; *Cohen v. West Haven Bd. of Police Com'rs,* 638 F.2d 496, 505 (2d Cir.1980). Here, counsel for the Brewery Fund trustees alleges that the risk undertaken in this case, that no fee would be forthcoming, justifies a substantial increase in the amount of the fee award—a requested increase here of about $21,000. This allegation is based upon an assertion that, since all the assets of the

Brewery Fund had been transferred to the Teamsters Fund in 1977, the former Brewery Fund trustees and the officers of Local 46, as such, had no assets to draw upon to reimburse counsel in this case.

■ This Court finds this allegation untenable and anomalous. A risk factor appropriately may be considered by a court in awarding fees. However, "the greater the probability of success, of either ultimate victory on the merits or of settlement, the less this consideration [risk of litigation] should serve to amplify the basic hourly fee." *City of Detroit v. Grinnell Corp., supra,* 495 F.2d at 471. The defendants themselves have contended repeatedly that the claims originally raised by the plaintiff in this action were frivolous, baseless and meritless. This Court agreed. Thus, applying the *Grinnell* calculus, since the probability of success in this action was high, and the "common fund" doctrine was available to defendants, it would be inappropriate for the Court to increase the lodestar amount.

### III

Schaefer's counsel, David A. Schulz of Rogers & Wells, has set forth in his application and affidavit in support of the motion for an award of attorneys' fees the hours expended—323.75 hours of time for attorneys and a paralegal. This amount appears to be wholly reasonable. The varying hourly rates set forth in the Schulz affidavit likewise appear to this Court, for the reasons stated above, to be reasonable. (Affidavit of David A. Schulz, Ex. C). Therefore, the appropriate lodestar, here $33,037.50, is approved.

Moreover, the "adjusted lodestar," or the lodestar increased by "out of pocket" expenses of $3,345.35, for such things as travel expenses, photocopying, telephone and computer (Lexis and Wang) expenses, appears to be reasonable. (Affidavit of David A.

the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. These guidelines have been adopted and ap-

plied by courts in this circuit. *See, Prate v. Freedman,* 583 F.2d 42, 48 (2d Cir.1978); *Thomas v. Board of Ed., supra,* 505 F.Supp. at 104; *Swift v. Blum,* 502 F.Supp. 1140, 1147 (S.D.N.Y.1980); *Ross v. Saltmarsh,* 500 F.Supp. 935, 947 (S.D.N.Y.1980).

Schulz, Ex. C). In addition, the $871.29 in charges from local counsel O'Connell and Aronowitz, P.C. is properly taxed to plaintiff. Therefore, Schaefer is entitled to $37,-254.14.

### IV

Accordingly, defendants Hoh and defendant Schaefer, respectively, are awarded $41,653.61 and $37,254.14 in attorneys' fees, costs and disbursements.

It is so Ordered.