**Michael ZACHARIAS, Plaintiff,**

v.

**SHELL OIL COMPANY, Defendant.**

**No. CV 83–3013.**

United States District Court,
E.D. New York.

March 1, 1984.

Agulnick & Gogel, New York City, by William A. Gogel, for plaintiff.

Solin & Breindel, New York City, by Howard Breindel, Mark L. Weyman, for defendant.

## MEMORANDUM & ORDER

PLATT, District Judge.

By an opinion dated September 21, 1983, this Court concluded that, under § 105(d)(3) of the Petroleum Marketing Practices Act (PMPA), 15 U.S.C. § 2805(d)(3), defendant Shell Oil Company (Shell) was entitled to recover reasonable attorneys' fees and the costs and expenses incurred by it in connection with this action. At an evidentiary hearing on December 2, 1983, defendant claimed $38,400.00 in attorneys' fees for Solin & Breindel, P.C., a New York law firm (Exhibit Q) and $8,287.50 for James L. Michalak, an attorney employed as defendant's in-house counsel (Exhibit T). Defend-

ant also claimed $7,701.62 in disbursements incurred by Solin & Breindel, P.C. during the months July 1983—November 1983 (Exhibit S) and $2,712.77 in expenses incurred by Mr. Michalak (Exhibit U). For breach of contract, defendant claimed damages in the sum of $11,217.61 (Exhibit P). In addition to the testimony given at the hearing, defendant Shell submitted records and affidavits detailing the services rendered by its attorneys and the number of hours spent providing those services. These materials comply with the stringent record keeping requirement mandated in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir.1974).

In opposition to defendant's request for attorneys' fees, plaintiff Michael Zacharias contends, *inter alia*, that defendant cannot recover fees for both in-house and outside counsel, that defendant improperly includes fees for paralegals and law clerks, and that defendant's claimed legal fees are not reasonable. Mr. Zacharias also argues that Solin & Breindel, P.C.'s claimed expenses are not reasonable, and that Mr. Michalak's claimed expenses should be disallowed in their entirety. In addition, plaintiff seeks to exclude much of defendant's breach of contract damage claims and to offset the recoverable damages against plaintiff's equipment that remains affixed to the gas station premises.

For the reasons stated below, this Court awards defendant $46,687.50 in attorneys' fees and $10,414.39 in disbursements. The defendant is also awarded damages for breach of contract.

## ATTORNEYS' FEES

█ In this Circuit, courts have consistently used the two step analysis formulated by the Third Circuit in its two decisions in *Lindy Bros. Builders v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (3d Cir.1973) and 540 F.2d 102 (3d Cir.1976), to determine an award of reasonable attorneys' fees. Under this approach, a "lodestar" figure is obtained by multiplying the number of compensable hours spent by the successful attorney on the litigation by the reasonable hourly billing

rate for the attorney's services. 487 F.2d at 167–68. If necessary, a court may adjust this figure by considering two additional factors—the contingent nature of success and the quality of the services provided. 540 F.2d at 117–18. This is the method that this Court will use in evaluating the defendant's claim for attorneys' fees. But first, we must address the plaintiff's arguments in opposition to the defendant's claim.

The plaintiff seeks to reduce the amount of the requested attorneys' fees on many grounds. First, Mr. Zacharias contends that fees may not be assessed for both outside and in-house counsel. The plaintiff argues that not only was the use of multiple attorneys duplicative and unnecessary in this action, but as a salaried employee, Mr. Michalak's time should not be billed at an hourly rate.

 It is clear that in constructing a fee award, courts may reduce the number of compensable hours to compensate for overstaffing or the unnecessary duplication of attorneys' efforts. *See, e.g., Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717 (5th Cir.1974); *Steinberg v. Carey,* 470 F.Supp. 471, 478–79 & n. 35 (S.D.N.Y. 1979). However, where the alleged duplication of attorney time is the result of the division of responsibility for substantive tasks, it is inappropriate to reduce the fee in the absence of clear and unnecessary duplicative efforts. *Ross v. Saltmarsh,* 521 F.Supp. 753, 762 (S.D.N.Y.1981). Mr. Michalak, as a member of Shell's in-house counsel located in Texas, has expertise and familiarity with the PMPA and functioned as lead counsel in this litigation based in New York. Mr. Michalak and Solin & Breindel divided their responsibilities in this case. There has been no showing of unnecessary overstaffing or duplication of efforts.

 The plaintiff also suggests that Mr. Michalak's efforts should not be billed at an hourly rate because he is in-house counsel to defendant and a salaried employee. Compensating in-house or salaried employees by using an hourly rate is commonly used by courts in awarding attorneys' fees. *See, e.g., Pittsburgh Plate Glass Co. v. Fidelity & Casualty Co.,* 281 F.2d 538, 542 (3d Cir.1960); *Brisbane v. The Port Authority of New York & New Jersey,* 550 F.Supp. 222, 224 (S.D.N.Y.1982). As the United States Court of Appeals for the Third Circuit recognized in *Pittsburgh Plate Glass Co. v. Fidelity & Casualty Co.,* 281 F.2d 538 (3d Cir.1960), work performed by in-house counsel reduces the workload and, consequently, the fee of the retained counsel and "[t]here is no reason in law or in equity why the [plaintiff] should benefit from [defendant Shell's] choice to proceed with some of the work through its own legal department." *Id.* at 542. We agree and conclude that the use of an hourly rate is a reasonable method to compensate the defendant for the efforts expended by its in-house counsel.

 Mr. Zacharias further argues that defendant improperly and without legal justification included fees for paralegals and law clerks in its request for attorneys' fees. This Court has previously recognized the propriety of including the time spent by such non-lawyers in a fee award. *Selzer v. Berkowitz,* 477 F.Supp. 686, 690 n. 3 (E.D. N.Y.1979). As we noted in the *Selzer* case, "[t]o the extent that such work is done by non-lawyers at lower time rates than would have been the case had the work been done by lawyers, the losing party benefits and has little cause to complain." *Id. See also City of New York v. Darling-Delaware,* 440 F.Supp. 1132, 1136 (S.D.N.Y.1977) (awarding compensation for paralegal's time). For the same reason, we include the time spent by paralegals and law clerks in the fee award.[1]

---

1. We recognize that courts differ in their treatment of the time spent by non-lawyers in structuring fee awards. Some courts have refused to include paralegal and law clerk time in the fee award, but have reimbursed this time as a cost. *See, e.g., City of Detroit v. Grinnell Corp.,* 495 F.Supp. 448, 473 (2d Cir.1974). One reason for segregating non-lawyer time in this manner is to ensure that it will not be subject to a risk factor bonus in the *Lindy* "lodestar" determination.

Mr. Zacharias maintains that the legal fees sought by the defendant are not reasonable. We assume that the plaintiff is challenging both the total number of hours spent by Shell in defending the action and the various hourly billing rates submitted by the defendant. Since these issues raise the same questions as those involved in the "lodestar" determination, we will proceed with that analysis which requires us to determine and multiply the number of hours reasonably expended by a reasonable hourly rate.

█ Mr. Michalak has submitted an affidavit stating that 110.50 hours were expended on this matter and the Solin & Breindel, P.C. firm claims 412.25 hours of time expended by various attorneys and paralegals.[2] These amounts appear to be wholly reasonable. As indicated above, the efforts of Mr. Michalak and Solin & Breindel, P.C. were not unnecessary or duplicative and the hours expended were adequately substantiated. The plaintiff suggests that the number of compensable hours submitted by the defendant should be reduced because litigation was not protracted and little effort was necessary to fend off the plaintiff's claim. The plaintiff's concession, at the completion of this lawsuit, that his claim was easily defeatable, does not present new information to this Court. The defendant repeatedly argued that plaintiff's claim was frivolous and without merit and this Court agreed. However, a decision made at the conclusion

of litigation that questions the merits of an action does not affect a defendant's right to zealously defend an action against it. In this case, Shell properly sought to protect its interests and to defend itself from the serious charges levied against it by the plaintiff in this Court. The fact that the defendant successfully demonstrated that the plaintiff's claims were without merit may not be used by the plaintiff at this point in the proceeding to support an argument that little effort was necessary to defeat the plaintiff's claim. Therefore, we will not adjust the number of hours submitted by the defendant.

█ Having concluded that the number of hours claimed by the defendant is reasonable, the next step in the "lodestar" analysis is a determination of whether the various hourly rates submitted by Shell are reasonable.[3] The *Lindy* court suggested using an attorney's normal hourly rate because it is indicative of his or her legal reputation and status. 487 F.2d at 167–68. *See also Grinnell*, 495 F.2d at 473. With the exception of billing rates lowered by the Solin & Breindel, P.C. firm for the purposes of litigation involving Shell, the submitted rates are the ones normally billed by the firm. As explained at the hearing, Mr. Michalak's hourly billing rate was carefully calculated by determining the value of his service in Shell's in-house legal department. This Court finds the varying rates reasonable and appropriate,

*Id.; Desimone v. Industrial Bio-Test Labs., Inc.,* 83 F.R.D. 615, 621 (S.D.N.Y.1979). Although we think that such time should properly be included in an attorney's fee award, it should be noted that since a risk bonus is not awarded in this case, it makes no difference, as a practical matter, whether this time is classified as part of the fee award or as part of the costs.

**2.** Mr. Zacharias also argues that the defendant should not be permitted to recover for time spent in the preparation and litigation of the fee application. The attorneys' fees in this case are statutorily authorized by the PMPA and are awarded because the defendant had to defend a frivolous lawsuit and unnecessarily expend attorneys' fees. To refuse to permit fees associated with this fee application would not comport with the purpose behind the PMPA's fee shifting

provision—*i.e.,* to make whole one who has had to defend a frivolous lawsuit and, therefore, discourage the institution of lawsuits without merit. Accordingly,. while this type of allowance might not be proper in some other cases, we permit recovery for the time expended by the defendant's lawyers on this fee application. *See, e.g., Balark v. Curtin,* 655 F.2d 798, 802–03 (7th Cir.1981); *Bagby v. Beal,* 606 F.2d 411, 416 (3d Cir.1979); *Lund v. Affleck,* 587 F.2d 75, 77 (1st Cir.1978); *Bradford v. Blum,* 507 F.Supp. 526, 534 (S.D.N.Y.1981).

**3.** The hourly rates submitted by Solin & Breindel, P.C. ranged from $40.00 for a paralegal, $68.00 for a law clerk, to $110.00 for a named partner. Mr. Michalak submitted an hourly rate of $75.00.

reflecting customary charges of law firms and well within the range of hourly rates awarded in other attorneys' fees cases. *See New York State Teamsters Conference Pension v. Hoh,* 561 F.Supp. 687, 690 (N.D.N.Y.1983) (citing *Miles v. New York State Teamsters Conference Pension & Retirement Fund,* Civ. 77–432, 3 BNA Employee Benefit Cases 1513 (W.D.N.Y.1982) (hourly rates for attorneys of unspecified years of experience ranging from $70 to $125 found to be generally reasonable); *Vulcan Society of Westchester Co., Inc. v. Fire Dep't of the City of White Plains,* 533 F.Supp. 1054 (S.D.N.Y.1982) (pre-1980 rates ranging from $80 to $125 held reasonable); *Ross v. Saltmarsh,* 521 F.Supp. 753 (S.D.N.Y.1981) (pre-admission rate of $40 per hour through rate of $90 per hour for more than two years of experience held reasonable); *Van Gemert v. Boeing Co.,* 516 F.Supp. 412 (S.D.N.Y.1981) (hourly rates ranging from $30 for paralegals to $160 for attorneys held reasonable)).

Applying the "lodestar" analysis and multiplying the expended hours by the various billing rates, we award a total of $46,687.50 in attorneys' fees to the defendant ($38,400.00 for Solin & Breindel, P.C. and $8,287.50 for Mr. Michalak). While this figure could be adjusted upward or downward to reflect either the contingent nature of success or the quality of the services provided, such an adjustment is unnecessary in this case. As explained above, the risk involved in defending this case should not be used to decrease the fee award. The defendant's award should not be decreased because it zealously, professionally and successfully defended the claim. Although defendant's counsel professionally handled this matter and should be commended for their high quality of representation, the Court believes they are adequately compensated by the fee award and does not adjust the award.

**4.** As evidence of these costs, Shell submitted the bills from Solin & Breindel, P.C., which, to a large extent, itemized disbursements. It is important to note that all of these costs are out-of-pocket expenses incurred by Solin & Breindel and billed to defendant Shell. As we explain

## COSTS AND EXPENSES

Section 105(d)(3) of the PMPA provides that "the court may, in its discretion, direct that reasonable attorney and expert witness fees be paid by the franchisee if the court finds that such action is frivolous." The defendant asserts that "reasonable attorneys' fees" include the costs and out-of-pocket expenses incurred by Solin & Breindel, P.C. and billed to it as disbursements in this action and seeks to recover, *inter alia,* fees expended for court reporters, witnesses, lexis time, xeroxing, messengers, transportation and postage.[4] Shell also seeks to recover the expense of Mr. Michalak's transportation to New York from Texas for court hearings and for meals and hotels in New York during these trips.

Although the plaintiff recognizes that an attorneys' fees award can include out-of-pocket expenses incurred by the attorney (Plaintiffs' Brief, page 5 (citing *Hoh,* 561 F.Supp. at 687)), he maintains that the expenses claimed by Solin & Breindel, P.C., should be limited and all expenses claimed for Mr. Michalak should be disallowed in their entirety. The plaintiff fails to cite or rely on any authority for this proposition. As a general rule, a district court must find authority to award costs or out-of-pocket expenses in a federal statute, rule of court or in the practice, custom and usage of a particular court. 6 J. Moore, Moore's Federal Practice ¶ 54.77[1] (1982). We must determine, therefore, whether there is authority for the expenses claimed here.

Federal Rule of Civil Procedure 54(d) provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." 28 U.S.C. § 1920 outlines what, in the Court's discre-

below, they are awarded as an element of defendant's attorneys' fee. If they were being evaluated simply as costs, we would require greater documentation and a more detailed explanation of individual expenditures.

tion, is taxable as costs.[5] Pursuant to section 1920, which is very limited in its terms, we award those costs that are recoverable under the statute. *Northcross v. Board of Ed. of Memphis City Schools,* 611 F.2d 624, 639 (6th Cir.1979).

■ There remains the question of whether the items of expense not covered by the narrow terms of section 1920 may be recovered by Shell. We first examine the expenses incurred by Solin & Breindel, P.C. and then address the claim of Mr. Michalak's transportation costs. The provision of the PMPA permitting recovery provides for "reasonable attorneys' fees" and it must be determined if out-of-pocket expenses may be included in the concept of attorneys' fees contained in the statute. Unfortunately, the legislative history accompanying the PMPA is silent on the issue of what items should be considered elements of an attorney's fee. *See* Sen. Rep. No. 95–731, 95th Cong., 2d Sess., *reprinted in* 1978 U.S.Code Cong. & Ad. News 873. Other federal statutes and rules awarding "reasonable attorney's fees," however, have been interpreted as including all incidental and necessary costs and expenses incurred by an attorney that are normally charged to a fee-paying client in the course of providing legal services. *See, e.g., Northcross,* 611 F.2d at 639 (Civil Rights Attorney' Fees Awards Act) (citing Remarks of Congressman Drinan, 122 Cong.Rec. H12160 (daily ed. 1 Oct. 1976), *Beazer v. New York Transit Authority,* 558 F.2d 97 (2d Cir.1977), *rev'd on other grounds,* 440 U.S. 568, 99 S.Ct. 1355, 59 L.Ed.2d 587 (1979)); *Hoh,* 561 F.Supp. at 691 (common law "bad faith" exception to "American Rule" prohibiting attorneys'

fees). *But see Beech Cinema, Inc. v. Twentieth Century Fox Film Corp.,* 480 F.Supp. 1195, 1198 (S.D.N.Y.1979) (expert witness fees, travel expenses, transportation, messenger service, secretarial overtime, long distance phone calls, meals and extraordinary postage not recoverable in allowance for reasonable attorneys' fees and costs under 15 U.S.C. § 15). All of the expenses that Shell seeks to recover here are items actually billed to it by Solin & Breindel, P.C. We adopt the view that reasonable attorneys' fees should include out-of-pocket expenses billed to a client. As a practical matter, these items, billed and paid by a client, are an element of an attorney's fee. Furthermore, since the purpose of the fee shifting provision of the PMPA is to protect one from the expense of defending a frivolous and unnecessary lawsuit, it is in keeping with this policy to include out-of-pocket costs that are billed to a client in the fee award. Accordingly, we find that the expenses incurred by Solin & Breindel, P.C., that were billed to and paid by defendant Shell, should be included in the attorneys' fee award.

■ While Mr. Michalak's transportation, meals and hotel expenses are plainly not recoverable as costs, *e.g., Wahl v. Carrier Manufacturing Co., Inc.,* 511 F.2d 209, 217 (7th Cir.1975); 6 J. Moore, *supra,* ¶ 54.77[4], at 1725, & ¶ 54.77[8], at 1751, these expenses may be items included in the attorneys' fee award since they were fees expended by Shell in defending this lawsuit. On this basis, we include them in the fee award.

### BREACH OF CONTRACT

■ The defendant has claimed damages for breach of contract in the sum of

---

**5.** § 1920. Taxation of costs.

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title.

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

$11,217,61.[6] Of the items claimed as damages, we permit only the following: unpaid rent ($2,343.60); open statement items ($327.08); lock change ($300.00); and the expenses of Shell employees (Cummings—

6. Defendant's Exhibit P sets forth the damages for breach of contract as follows:

| | | | Subtotals |
|---|---|---|---|
| **September** | | | |
| **Unpaid Rent** | | | |
| Facility | | $ 2,300.00 | |
| Auto Care | | $ 200.00 | |
| | | $ 2,520.00 | |
| Pro rated × 28 days | | $ 2,343.60 | |
| | | | $ 2,343.60 |
| **Open Statement Items** | | | |
| 08/02/83 | Credit Card Charge Back | $ 28.00 | |
| 08/30/83 | Cash Sale Difference | $ 23.97 | |
| 08/31/83 | Credit Card Charge Back | $ 81.05 | |
| 09/19/83 | Service Charge-Water & Sewer | $ 129.06 | |
| 10/31/83 | Credit Card Charge Book | $ 65.00 | |
| **Cost of retrieving station and installing a new dealer** | | | |
| Paid interim lease for 4 months at $800.00/month | | $ 3,200.00 | |
| Pepsi promotion | | | |
| Pepsi | | $ 327.00 | |
| Advertising | | $ 75.00 | |
| Contract labor | | | |
| Station Painting and General Clean up | | $ 400.00 | |
| Change locks | | $ 300.00 | |
| Estimated Cost of Cleaning of Station Drains | | $ 400.00 | |
| **Time devoted by Shell employees** | | | |
| N.P. Cummings Territory Manager | | | |
| 30% of 1 month's salary | | $ 1,250.00 | |
| Tolls, parking, miscellaneous expenses | | $ 250.00 | |
| P.F. Kennedy—Territory Sales Rep. | | | |
| 30% of 1 month's salary | | $ 875.00 | |
| Tolls, parking, miscellaneous expenses | | $ 150.00 | |
| M.F. Souza Sales Manager | | | |
| 20% of 1 month's salary | | $ 1,000.00 | |
| Tolls, parking, miscellaneous expenses | | $ 200,00 | |
| Administrative costs | | | |
| Miscellaneous, typing, clerical etc. | | $ 1,000.00 | |
| | | | $12,097.68 |
| Credit for Gasoline in the Ground at the Time of Dealer Check Out | | $ 880.07 CR | |
| **GRAND TOTAL** | | | $11,217.61 |

$250.00), (Kennedy—$150.00), (Souza—$200.00).

The plaintiff suggests that the damage award should be offset by equipment affixed to the gas station premises which, according to the plaintiff, is worth approximately $4,100.00. At the December 2, 1983 hearing, there was some discussion between the plaintiff and the defendant regarding the return of equipment remaining on the premises. If there is any equipment remaining on the premises that the defendant is using, the plaintiff should submit proof of its existence and value and he will be permitted to offset that amount from the damages due.

Subject only to the possible offset discussed above, defendant's motion for attorneys' fees and damages for breach of contract is hereby granted.