■ TRAVELERS INSURANCE COMPANY, Respondent, v COMMISSIONERS OF THE STATE INSURANCE FUND, Appellant. [642 NYS2d 867] —Order, Court of Claims (Gerard Weisberg, J.), entered June 10, 1994, which granted claimant's motion for summary judgment and denied defendant's cross-motion for summary judgment, and judgment of the same court and Judge, entered on or about June 20, 1994, which awarded claimant the sum of $4,885.51 plus interest, unanimously affirmed, with costs.

Claimant and defendant State Insurance Fund were co-insurers of a corporation named as a defendant in a personal injury suit. At all times, the State Insurance Fund has acknowledged its obligation to defend its insured and pay one

half of the legal costs incurred in that defense. Once the underlying lawsuit was settled and the bill for legal fees presented to the State Insurance Fund, however, it discovered that the firm retained was "in-house counsel" to claimant. Because defendant apparently had a policy of not contributing to legal fees incurred by in-house counsel, it refused to pay its half of the legal fees.

The sole issue before us is whether an insurer must contribute to the expenses incurred by a co-insurer's in-house counsel in the defense of a mutual insured. Defendant has never challenged the work performed or the amount claimed—for which counsel presented detailed records—and acknowledges that it would have paid its half had outside counsel been retained.

The court below first addressed the merits of the issue on claimant's motion to file a late claim *(Travelers Ins. Co. v State Ins. Fund,* 155 Misc 2d 542). Finding no applicable New York State law, the court adopted the rationale articulated in *Pittsburgh Plate Glass Co. v Fidelity & Cas. Co.* (281 F2d 538), in concluding that defendant would be obligated to contribute to the legal defense costs for work performed by claimant's in-house counsel. In *Pittsburgh,* the Third Circuit reasoned that if in-house counsel had not participated in the legal work, "the workload and consequently the fee" of outside counsel would have proportionately increased (281 F2d, *supra,* at 542). There was no reason, the court concluded, that defendant should benefit financially from plaintiff's decision to use its own legal department in its defense. *(See also, Zacharias v Shell Oil Co.,* 627 F Supp 31, 34 [ED NY].) While the cases cited involve legal work performed by an insured's in-house counsel where the insurer wrongfully refused to defend, the court below correctly found that the same principle should apply to contribution between co-insurers.

Had outside counsel been retained, each carrier would have been obligated to pay one half of the bill ultimately submitted. That claimant assigned in-house counsel to defend the action should not result in free legal work to defendant—the precise result should defendant prevail here. Whatever claimant's arrangement with the firm used in this case—and the record does not disclose the nature of that arrangement—the existence of that relationship should not mean that claimant forfeits appropriate contribution from a co-insurer and alone assumes the legal defense costs. As the court noted in its decision, defendant had acknowledged its obligation to share in the defense costs and consented to the named firm's representation (155 Misc 2d, *supra,* at 543).

*Matter of Thompson v Chemical Bank* (84 Misc 2d 721), on which defendant relies, is inapplicable to this case. In *Thompson,* the attempt to collect as legal fees a fixed percentage of a customer's bank loan—a sum unrelated to the legal fees actually incurred—was held to be in violation of Banking Law § 108. In the instant case, claimant seeks only what defendant concedes would be due but for the identity of the firm that rendered the legal services, and there is no statutory regulations barring claimant's actions. We also reject, as did the Court of Claims in granting claimant's summary judgment motion, defendant's argument that claimant's use of in-house counsel to perform the work in question constitutes the unauthorized practice of law by claimant or fee-splitting. Claimant is seeking contribution from a co-insurer for documented legal defense costs as required by New York law *(Insurance Co. v Dayton Tool & Die Works,* 57 NY2d 489), an obligation that defendant has, at all times, acknowledged.

While the better practice surely would have been for claimant to have advised defendant that the firm retained was in-house counsel, there was never a question of a conflict of interest. Moreover, defendant acknowledges that, contrary to its longtime practice of affirmatively disclosing its policy regarding in-house counsel, it did not do so in this case. Concur—Milonas, J. P., Ellerin, Wallach, Kupferman and Williams, JJ.