John PARISE, as Chairman of the Local 317 Truck Drivers and Helpers Welfare Fund, Plaintiff,

v.

RICCELLI HAULERS, INC. Defendant.

No. 83-CV-491.

United States District Court, N.D. New York.

Nov. 3, 1987.

Blitman and King, Syracuse, N.Y., for plaintiff; Jennifer A. Clark, of counsel.

MUNSON, Chief Judge.

## MEMORANDUM–DECISION AND ORDER

Plaintiff has moved for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and for an award of delinquent contributions and attorneys' fees to a multi-employer pension plan pursuant to § 502(g)(2) of the Employee Retirement Income Security Act (ERISA) 29 U.S.C. § 1132(g)(2). The principal issue before the court is the appropriate rate at which to compensate the trustee of the plan for work performed by paralegals in this action.

## I. BACKGROUND

The factual and procedural history of this case is straightforward. Plaintiff is the chairman and a fiduciary of Local 317 Truckdrivers and Helpers Welfare Plan. This plan is a "multi-employer" benefit plan under ERISA. 29 U.S.C. §§ 1002(3) & (37). Defendant is an employer statutorily obligated under ERISA to make contributions to the plan. 29 U.S.C. §§ 1002(3) and (37) and 1145.

The various collective bargaining agreements comprising the benefit plan have two provisions particularly relevant to the pending motions. The first requires employers such as defendant to make contributions to the plan based upon the number of hours worked by covered employees. The second establishes that interest of 2% per month will be assessed on all delinquent contributions.

Defendant failed to make required contributions to the benefit plan in 1982 and 1983. Plaintiff filed the summons and complaint in this action on April 28, 1983. Following defendant's failure to appear default was entered. This court vacated that default by order dated November 3, 1983.

Defendant was then properly served and an answer was filed. In May of 1985, this court allowed defendant's counsel to withdraw. On December 2, 1985, an order was filed granting plaintiff's motion to file an amended complaint. Defendant was served with the amended complaint on December 4, 1985. No answer has been received; default was entered on January 8, 1986.

The pending motions were originally heard on September 9, 1986. The court reserved decision, and requested additional briefing on the issue of paralegals' fees. A brief and supporting affidavits have been received.

## II. DISCUSSION

### 1) *Default Judgment*

■ As noted above, defendant has not responded to the amended complaint. Under Rule 55(b) default judgment shall be entered if a defendant has failed to plead or otherwise defend an action. While defendant answered the original complaint, it has failed to answer or otherwise respond to the amended complaint. Accordingly, the motion for default judgment is granted.

### 2) *Compensation for Work Performed by Paralegals*

It is a well established principle of statutory construction "that remedial statutes are to be liberally construed to effectuate their purposes." *Rettig v. Pension Benefit Guaranty Corporation,* 744 F.2d 133, 155 (D.C.Cir.1984) (*citing Tcherepnin v. Knight,* 389 U.S. 332, 336, 88 S.Ct. 548, 553, 19 L.Ed.2d 564 (1967)). "ERISA, like the Civil Rights Acts of 1871 and 1964, and the Labor–Management Reporting and Disclosure Act, is remedial legislation which should be liberally construed in favor of protecting participants in employee benefits plans." *Smith v. CMTA–IAM Pension Trust,* 746 F.2d 587, 589 (9th Cir.1984); *Rettig,* 744 F.2d at 155. Through enactment of ERISA, Congress sought to ensure "that if a worker has been promised a defined pension benefit upon retirement— and if he has fulfilled whatever conditions are required to obtain a vested benefit—he actually will receive it." *Nachman Corp. v. Pension Benefit Guaranty Corp.,* 446 U.S. 359, 375, 100 S.Ct. 1723, 1733, 64 L.Ed.2d 354 (1980).

One of the strongest statutory mechanisms for effectuating Congress' intent is found at § 502(g)(2) of the act. There, Congress has provided that in the event of a judgment in favor of a trustee who sought delinquent contributions for a plan, the court shall award the plan—

A) the unpaid contributions,

B) interest on the unpaid contributions,

C) an amount equal to the greater of—
   i) interest on the unpaid contributions, or

ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent ... of the amount determined by the court under subparagraph (A),

D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). This statutory scheme ensures that pension plans temporarily deprived of contributions will not only be reimbursed, but will gain significant extra funding at the delinquent employer's expense through the double interest or liquidated damages imposed by subsection "C".

With the preceding as background, the court considers the issue of paralegals' fees. There has been a gradual shift within this circuit towards awarding greater fees for work performed by paralegals. In *City of Detroit v. Grinnell Corporation* the Second Circuit was constrained, in the absence of statutory authority, to use the equitable fund theory to award attorneys' fees to the victorious litigants in an antitrust action. 495 F.2d 448, 468–69 (2nd Cir.1973). As part of the attorneys' fees award, the court was only willing to reimburse the prevailing litigants for the actual wages paid "paraprofessional assistants," and would do so only after learning more about the assistants' experience and training. *Id.*

Several years later another court in this circuit observed that "[s]ince the use of paralegals has proliferated in the last several years, their use in antitrust cases ... has been responsible for large savings. It is a practice to be encouraged, and law firms should be reimbursed at least for their expenses ..." *City of New York v. Darling–Delaware, et al.,* 440 F.Supp. 1132, 1136 (S.D.N.Y.1977) (*citing Grinnell*). In its computation of recoverable expenses, the court included the wages paid the paralegals, and such additional items as taxes and overhead attributable to employing these paralegals. *Id.* The pre-

vailing litigants were thus reimbursed for the paralegals' actual cost to the firm.

More recently in this circuit, courts have moved away from detailing the basis for awarding a particular paralegal rate and have opted for fees based on a fixed hourly rate multiplied by the number of hours worked. *Equal Employment Opportunity Commission v. Sage Realty Corporation*, 521 F.Supp. 263, 270 (S.D.N.Y.1981) (Despite recognition that prevailing firms billed paralegals at rates twice those awarded by the court, court allowed $25 hourly rate for work performed in 1979–81 in Title VII action); *Koyen v. Consolidated Edison Company of New York, Inc.*, 560 F.Supp. 1161, 1170 (S.D.N.Y.1983) ($40 hourly rate awarded for work performed in 1981–82 in suit brought under Age Discrimination in Employment Act); *New York State Teamsters Conference Pension and Retirement Fund v. Hoh*, 561 F.Supp. 687, 690 (N.D.N.Y.1983) (hourly rate for work performed in 1982 by paralegals in ERISA action set at $40). The court agrees with the determination in *Hoh* that a reasonable hourly rate is appropriate in ERISA actions given the remedial nature of ERISA and Congress' intention to ensure the solvency of plans covered by ERISA.

In the pending fee application, plaintiff claims 86.45 hours of paralegal work. 82.75 of these hours were performed by two paralegals with extensive experience in labor law and ERISA matters. The work performed included the drafting of pleadings, reviewing documents, drafting and engaging in correspondence and calculating delinquencies—all of this work would assuredly have been performed by attorneys had paralegals not undertaken it. Given the paralegals' experience, it is probable the attorneys would have expended a comparable number of hours at much higher rates if the paralegals had not been involved. The court believes such cost saving measures should be encouraged and accordingly awards as a component of its attorneys' fees award paralegals' fees at a rate of $40 per hour for each hour worked in 1983 and at a rate of $45 per hour for each hour worked in 1985 and 1986. These rates are in line with the rates prevailing during the respective time periods.

### 3) *Plaintiff's Recovery*

Under § 502(g)(2)(A) plaintiff is entitled to recover delinquent contributions in the amount of $4,182.16 for the year 1982 and $2,286.67 for the year 1983.

Under § 502(g)(2)(B) the annual interest rate, computed separately upon each of the above amounts, will be 24% as provided in the collective bargaining agreement of November 10, 1981. While plaintiff seeks interest from the date the delinquent payments became due, the court has not been presented with a day-by-day, week-by-week or other breakdown of how each of the above amounts was computed. Accordingly, interest will be computed on $4,182.16 from the first day of 1983, and on $2,286.67 from the first day of 1984, and will accrue until the date of this order.

Under § 502(g)(2)(C) the court must award the greater of interest on the unpaid contributions or liquidated damages not exceeding 20% of the unpaid contributions. Here, an assessment of interest on the unpaid contributions will yield the greater amount. Interest will, therefore, be assessed, and will be calculated as provided in the preceding paragraph.

The court believes plaintiff's attorneys and paralegals worked a reasonable amount of hours in this action and will, therefore, apply the lodestar figure of 215.80 hours as documented by the contemporaneous time records provided the court. The court will, however, deduct 10% from the claimed $11,851.35 for the 129.35 hours worked by attorneys because the hourly attorney rates are somewhat above what is a reasonable rate in a routine ERISA action. The award for the attorneys' work will, therefore, be $10,666.21. The award for work performed by paralegals will be $3,717.00 or $40 multiplied by 34.65 hours and $45 multiplied by 51.8 hours. The total amount under § 502(g)(2)(D) will be $14,385.21.

Wherefore it is hereby

ORDERED that within forty-five days after entry of this order the plaintiff is directed to submit a proposed form of judgment to the court awarding the plaintiff $4,182.16 and $2,286.67 in delinquent contributions for the years 1982 and 1983 respectively, interest of 24% per annum calculated as provided above, a second assessment of interest calculated as provided above, $14,383.21 in attorneys' fees, and the costs they have incurred in prosecuting this action.

It is So Ordered.