**NEW YORK STATE TEAMSTERS CONFERENCE PENSION AND RETIREMENT FUND, by its Trustees, Paul E. Bush, Eugene Briggs, Howard Bennett, James Carlton, Frank Posato, Dawson Cunningham, Ronald Morin, and Anthony Simoes, Plaintiff,**

v.

**FRATTO CURBING CO., INC., Defendant.**

**Civ. A. No. 94–CV–923 (RSP).**

United States District Court, N.D. New York.

Feb. 7, 1995.

130

Peter P. Paravati, P.C., Utica, NY (Vincent M. DeBella, of counsel), for plaintiff.

## MEMORANDUM DECISION AND ORDER

POOLER, District Judge.

### INTRODUCTION AND BACKGROUND

Plaintiff New York State Teamsters Conference Pension and Retirement Fund, et al. ("Teamsters") moves for a default judgment against defendant Fratto Curbing Co., Inc. ("Fratto") in this action under the Employee Retirement Income Security Act ("ERISA") to collect $6,030.48 plus post-judgment interest for delinquent pension fund contributions, interest, penalties and costs and attorney's fees.

Fratto was party to a collective bargaining agreement with Teamsters Local No. 398 (the "union") and a fund participation agreement with Teamsters. Pursuant to these contracts, Fratto was obligated to make fringe benefit contributions on behalf of union workers to the pension plan administered by Teamsters. Teamsters conducted an audit on January 4, 1994, showing that Fratto had failed to make $3,432.45 in required pay-

ments. Teamsters commenced this action on July 25, 1994, to collect the delinquent contributions. Service on Fratto was effected on August 31, 1994. Fratto never filed an answer to plaintiffs' complaint. An entry of default was made by the Clerk of the Court on September 23, 1994, and Teamsters now moves for default judgment. Oral argument took place on January 23, 1995, at which Fratto failed to enter an appearance.

## DISCUSSION

### I. Entry of Default Judgment

█ Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and Local Rule 55.1(b), entry by the court of a default judgment is permitted where a party has failed to make any response to a plaintiff's complaint. Teamsters properly served Fratto on August 31, 1994, but the defendant failed to file an answer to the complaint or otherwise defend this action. In addition, Teamsters filed an affidavit stating that the defendant properly was notified of the instant motion for default judgment. Plaintiff obtained an entry of default by the Clerk of the Court as required by Local Rule 55.1(b). Because plaintiff has fulfilled the requirements for a default judgment, its motion is granted.

### II. Judgment Amount

█ ERISA is designed to ensure that pension funds not only are reimbursed for delinquent contributions but also that they will receive "significant extra funding at the delinquent employer's expense." *Parise v. Riccelli Haulers, Inc.,* 672 F.Supp. 72, 74 (N.D.N.Y.1987). ERISA accordingly permits the recovery of delinquent contributions, interest, liquidated damages, costs and attorney's fees. 29 U.S.C. §§ 1132(g)(2), 1145. The relevant contracts between Fratto and Teamsters also authorize such recovery.

█ As detailed in the supporting affidavits of Teamsters, defendant Fratto owed the fund $3,432.45 in benefit contributions due as of January 4, 1994. In its default judgment request, Fratto has requested this amount as well as prejudgment interest pursuant to 29 U.S.C. 1132(g)(2)(A) & (B). In addition, Teamsters has requested costs and attorney's fees pursuant to 29 U.S.C. § 1132(g)(2)(D). Teamsters requests fees totalling $1,143, and the rates upon which the fees are calculated—$125 to $150 per hour for attorneys—are reasonable. *See Onondaga County Laborers' Health, Welfare, Pension, Annuity and Training Funds v. Sal Masonry Contractors, Inc.,* 1992 WL 75051, *7 (N.D.N.Y.1992) (awarding fees based on rates of $126 to $137 per hour for attorneys); *see also Cefali v. Buffalo Brass Co.,* 748 F.Supp. 1011, 1020 (W.D.N.Y.1990) (awarding attorney's fee based on rate of $150 per hour in ERISA action).

One portion of the award requested by Teamsters must be reduced because it is not in accordance with ERISA. Teamsters requests liquidated damages of 10 percent of the unpaid contribution amount, or $343.25, as provided in its contract with Fratto. However, Teamsters also requests statutory liquidated damages of double interest in the amount of $359.47, relying on 29 U.S.C. § 1132(g)(2)(C). According to this provision of ERISA, the fund is entitled to the greater of interest or liquidated damages as provided for under the plan, but not both amounts. Specifically, statute provides for the award of "an amount equal to the greater of—(i) interest on the unpaid contributions, *or* (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent [of the unpaid contribution amount]." 29 U.S.C. § 1132(g)(2)(C) (emphasis added).

█ By the plain language of the statute, Teamsters is entitled to the greater of double interest, which is $359.47, or liquidated damages, which is $343.25, but not both. At oral argument, counsel for Teamsters stated that "contractual liquidated damages" is distinct from the statutory liquidated damages in Section 1132(g)(2)(C). We disagree. The term "liquidated damages" in Section 1132(g)(2)(C) necessarily refers to the liquidated damages amount negotiated by the parties in their contract. This interpretation has been expressed by the Second Circuit, which explained that "an award under this section encompasses, in addition to interest on the unpaid contributions, an amount equal to the greater of such interest (hence, "double interest") *or the liquidated*

*damages provided under the parties' agreement* up to 20 percent of the amount of delinquent contributions." *Diduck v. Kaszycki & Sons Contractors, Inc.,* 974 F.2d 270, 285 (2d Cir.1992) (emphasis added). The Second Circuit further explained that "double interest (as a form of liquidated damages) is a statutorily-created remedy designed to compensate the plan for the loss occasioned or costs incurred as a result of an employer's failure to make required contributions." *Id.* Thus, the fund is fully compensated by the liquidated damages provided by Section 1132(g)(2)(C) and is not entitled to a double recovery. *See also Carriers Container Council, Inc. v. Mobile S.S. Assoc. Inc.,* 896 F.2d 1330, 1346 n. 30 (11th Cir.1990), *cert. denied,* 498 U.S. 926, 111 S.Ct. 308, 112 L.Ed.2d 261 (1990); *Board of Trustees of the Watsonville Frozen Food Welfare Trust Fund v. California Cooperative Creamery,* 877 F.2d 1415, 1427 (9th Cir.1989); *Trustees of the Amalgamated Ins. Fund v. Sheldon Hall Clothing, Inc.,* 862 F.2d 1020, 1023 (3d Cir.1988), *cert. denied,* 490 U.S. 1082, 109 S.Ct. 2104, 104 L.Ed.2d 665 (1989). Consequently, Teamsters is entitled only to $359.47 in liquidated damages.

## CONCLUSION

A default judgment is entered against Fratto in favor of Teamsters in the amount of $5,687.23, which represents $3,432.45 in delinquent contributions, audit fees of $247.84, interest of $359.47, double interest liquidated damages of $359.47, and attorney's fees and costs of $1,288. Teamsters also is awarded post-judgment interest pursuant to 28 U.S.C. § 1961(a).

SO ORDERED.